UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL GREGG,

        Plaintiff,                                 Hon. Paul L. Maloney

v.                                                  Case No. 1:22-cv-652

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 39 years of age on her alleged disability onset date. (ECF No. 9-5, PageID.238). She successfully completed high school and worked previously as a grocery sales clerk, gas station cashier, and floor cleaner. (ECF No. 9-9, PageID.671). Plaintiff applied for benefits on August 15, 2018, alleging that she had been disabled since May 31, 2014, due to high blood pressure, high cholesterol, sleep apnea, herniated discs, nerve damage in her legs, feet, and ears, gout, depression, anxiety, and arthritis. (ECF No. 9-5, 9-6, PageID.238-45, 270).[1]

Following an administrative hearing, ALJ Arman Rouf, in an opinion dated December 27, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 9-2, PageID.46-105). After the Appeals Council denied relief, Plaintiff initiated legal action in the United States District Court for the Western District of Michigan. (ECF No. 9-10, PageID.788-97). The parties subsequently agreed to remand the matter to the Commissioner. (*Id.*). Following a second administrative hearing, ALJ Rouf, in an opinion dated May 19, 2022, again concluded that Plaintiff was not entitled to disability benefits. (ECF No. 9-9, PageID.657-729). The Appeals Council declined to review this decision, rendering it the Commissioner's final decision in the matter. (ECF No. 9-2, PageID.40-44). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

---

[1] Plaintiff also reported that she suffered from "deitic" and "spinal stious." (ECF No. 9-6, PageID.270).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th 2020).

The ALJ determined that Plaintiff suffers from: (1) type 2 diabetes mellitus; (2) peripheral neuropathy; (3) obesity; (4) degenerative disc disease of the lumbar spine; (5) major depressive disorder: (6) generalized anxiety disorder; and (7) autism spectrum disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any

impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 9-9, PageID.660-64).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an 8-hour workday, she can stand and/or walk for 4 hours; (2) she can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; (3) she can occasionally balance, stoop, kneel, crouch, and crawl; (4) she can occasionally push, pull, and operate foot controls with her bilateral lower extremities; (5) she must avoid hazards such as unprotected heights and dangerous moving machinery; (6) she can understand, remember, and carry out simple, routine, and repetitive tasks but not at a production rate pace such as assembly line work; (7) she can maintain attention and concentration for two-hour segments; (8) she can make simple work-related decisions and can tolerate occasional changes in a routine work setting; (9) she can occasionally interact with supervisors, co-workers, and the public; and (10) in addition to normal breaks, she will be off-task less than 10 percent of the time during an 8-hour workday. (ECF No. 9-9, PageID.664).

## I.  Res Judicata

As noted above, Plaintiff filed her current applications for benefits on August 15, 2018. Plaintiff submitted prior applications for benefits on October 9, 2014. (ECF No. 9-3, PageID.110-19). These applications were denied by ALJ Jeffry Gauthier on May 9, 2017. (*Id.*). Plaintiff argues that she is entitled to relief because ALJ Rouf improperly considered the RFC assessment by ALJ Gauthier to

constitute the starting point for his own RFC determination. To place Plaintiff's argument in context, a brief history of how the Sixth Circuit has applied the concept of res judicata in Social Security cases is necessary.

The issue of whether or when an ALJ is bound by a previous RFC determination was addressed by the Sixth Circuit in *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Commissioner of Social Security* 126 F.3d 837 (6th Cir. 1997), as well as by the Social Security Administration in Acquiescence Rulings 98-3(6) and 98-4(6). The Sixth Circuit recently revisited this line of authority in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

    A.    *Dennard v. Secretary of Health and Human Services*

Donald Dennard filed an application for benefits which was eventually denied on the ground that while he could no longer perform his past relevant work, he retained the ability to perform sedentary work which existed in significant numbers. *Dennard*, 907 F.2d at 598-99. Dennard later submitted another application for benefits. This latter application was denied by an ALJ on the ground that Dennard *could* perform his past relevant work. *Id.* at 599. An appeal of this decision to federal district court was unsuccessful. The Sixth Circuit reversed the district court and ordered that the matter be remanded for further consideration. *Id.* at 600. Specifically, the court held that the latter ALJ was estopped, on res judicata grounds, from contradicting the prior determination that Plaintiff was unable to perform his past relevant work. *Id.*

B.   *Drummond v. Commissioner of Social Security*

Grace Drummond filed an application for benefits which was denied based on a finding that while she could no longer perform her past relevant work she could perform sedentary work which existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits which was denied based on the finding that she retained the ability to perform medium work. *Id.* at 838-39. After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit. *Id.* at 839-40. Based, in part, on the *Dennard* decision, the *Drummond* court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42. Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent evidence to the contrary. *See, e.g., Gay v. Commissioner of Social Security*, 520 Fed. Appx. 354, 356 (6th Cir., Apr. 2, 2013).

C. Acquiescence Rulings 98-3(6) and 98-4(6)

Finding that *Dennard* and *Drummond* conflicted with Social Security policy, the Social Security Administration issued Acquiescence Rulings 98-3(6) and 98-4(6). *See* Acquiescence Ruling (AR) 98-3(6), 1998 WL 274051 (Soc. Sec. Admin., June 1, 1998); Acquiescence Ruling (AR) 98-4(6), 1998 WL 274052 (Soc. Sec. Admin., June 1, 1998). With respect to how *Dennard* and *Drummond* differed from Social Security policy, the Social Security Administration observed:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

To resolve the conflict between Sixth Circuit authority and Social Security policy, the Social Security Administration concluded that it would apply *Dennard* and *Drummond*, within the Sixth Circuit, as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holdings in *Dennard* and *Drummond*.

D.   *Earley v. Commissioner of Social Security*

In 2012, an ALJ denied Sharon Earley's application for disability benefits finding that she retained the ability to perform a limited range of light duty work. *Earley*, 893 F.3d at 930. Earley subsequently submitted another application for benefits which was likewise denied based on Earley's failure to provide "new and material evidence of a changed circumstance" as required by *Drummond*. *Earley*, 893 F.3d at 931. Earley appealed the matter to federal court resulting in a decision that the preclusion rule articulated in *Drummond* applied only if application of such benefited the claimant. *Earley*, 893 F.3d at 931. The matter was appealed to the Sixth Circuit which took the opportunity to explicitly reexamine the *Drummond* decision.

Observing that "[u]nusual facts. . .led to some overstatement in *Drummond*," the court nevertheless concluded that "*Drummond* correctly held that res judicata may apply to administrative proceedings." *Earley*, 893 F.3d at 933. Thus, if a claimant files a second application covering the same period of time, res judicata properly applies absent good cause to revisit the earlier determination. As the court further recognized, however, res judicata has no application where a claimant files a subsequent application seeking benefits for a distinct period of time. Accordingly, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Ibid.*

The court was careful, however, to make clear that "[f]resh review is not blind review." *Id.* at 934. Thus, while an ALJ evaluating a subsequent application for

-9-

benefits may not be bound to follow a previous determination, he may nevertheless "consider what an earlier judge did if no other reason than to strive for consistent decision making." *Ibid*. Therefore, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933. In sum, *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when he considers the previous RFC a mandatory starting point for the analysis. *See, e.g., Dunn v. Commissioner of Social Security*, 2018 WL 4574831 (W.D. Mich., Sept. 25, 2018); *Brent v. Commissioner of Social Security*, 2018 WL 5118598 (E.D Mich., Aug. 21, 2018); *Arendt v. Commissioner of Social Security*, 2019 WL 1058263 (N.D. Ohio, Mar. 6, 2019).

In his decision, ALJ Rouf acknowledged the decision by ALJ Gauthier. (ECF No. 9-9, PageID.664). ALJ Rouf, however, also noted that "new evidence and testimony" had subsequently been presented which "warrants a finding different than that made by the prior ALJ." (ECF No. 9-9, PageID.664-65). ALJ Rouf concluded, therefore, that he "does not adopt the prior ALJ's residual functional capacity." (ECF No. 9-9, PageID.665). As noted above, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." While perhaps not artfully worded, ALJ Rouf's comments do not suggest that he

-10-

considered ALJ Gauthier's RFC assessment a *mandatory* starting point for his own RFC assessment. Accordingly, this argument is rejected.

## II.  Medical Source Opinions

Daniel Tetzlaff, Ph.D. and Kyle Wood, M.S., L.L.P. offered opinions regarding Plaintiff's non-exertional impairments and limitations. (ECF No. 9-7, 9-8, PageID.539-44, 583-85). These examiners offered opinions that suggest Plaintiff is more limited than the ALJ recognized. The ALJ found Dr. Tetzlaff's opinion unpersuasive and Mr. Wood's opinion "somewhat persuasive." (ECF No. 9-9, PageID.669-70). Plaintiff argues that she is entitled to relief because the ALJ's assessment of these opinions is not supported by substantial evidence.

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances

not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3).  The regulations define "supportability" and "consistency" as follows:

> (1) Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

On April 30, 2019, Dr. Tetzlaff completed a form regarding Plaintiff's "ability to do work-related activities (mental)."  (ECF No. 9-8, PageID.583-84).  The doctor evaluated Plaintiff in 25 categories, concluding that Plaintiff was either "seriously limited" or "unable to meet competitive standards" in 17 categories.  (*Id.*).  As the ALJ observed, this opinion is not supported by the medical record.

On April 5, 2017, Dr. Tetzlaff examined Plaintiff and observed that her "ongoing depressive symptoms…are currently well-controlled through a combination of individual therapy and psychotropic treatment."  (ECF No. 9-8, PageID.550). The doctor further observed that Plaintiff "appears to be handling the ups and downs of her life adequately at this time.  Her weight gain and health concerns are not unusual and do not readily appear to be related to an underlying psychological issue."  (*Id.*).  The doctor diagnosed Plaintiff with (1) major depressive disorder,

recurrent, moderate, and (2) autism spectrum disorder, without accompanying intellectual or language deficits.[2] (*Id.*). The results of a November 2018 consultive examination were unremarkable and do not support Dr. Tetzlaff's conclusions. (ECF No. 9-7, PageID.539-44). Psychiatric treatment notes dated March 5, 2019, reveal that Plaintiff's "symptoms are currently well-controlled with Cymbalta." (ECF No. 9-8, PageID.576).

The administrative record contains very little evidence regarding Plaintiff's emotional impairments, but the evidence that does exist fails to support Dr. Tetzlaff's opinions. As the ALJ observed:

> Dr. Tetzlaff saw the claimant on three occasions, two of which were specifically related to potential bariatric surgery. His mental status findings were largely unremarkable. He indicated the claimant had average cognitive functioning and adequate attention, findings that directly contradict the limitations contained in this opinion. Further, the claimant reported living alone and adequately being able to prepare simple meals, perform ordinary household chores, manage her finances, and drive, all of which suggest she is not as limited in remembering basic procedures or carrying out simple instructions.

(ECF No. 9-9, PageID.669).

Plaintiff disputes the ALJ's observation that Dr. Tetzlaff examined her on only three occasions. Plaintiff argues that she has known the doctor "since the seventh grade." Plaintiff also speculates that she might have met with Dr. Tetzlaff as part of her special education program. Plaintiff has identified no evidence

---

[2] The Court notes that results of objective testing, conducted on January 25, 2017, revealed that Plaintiff "does not meet diagnostic criteria for Autism Spectrum Disorder." (ECF No. 9-8, PageID.552-57).

-13-

supporting this speculation. Furthermore, Plaintiff offers neither evidence nor argument that she was denied the opportunity to obtain all the records relevant to her disability applications. In sum, the ALJ's assessment of Dr. Tetzlaff's opinions is supported by substantial evidence.

Mr. Wood met with Plaintiff on a single occasion and concluded that Plaintiff experiences no limitations following or carrying out simple instructions or making simple work-related decisions. (ECF No. 9-7, PageID.543). With respect to interacting with the general public and requesting assistance, Wood found Plaintiff more limited than the ALJ did, however. (ECF No. 9-7, 9-9, PageID.543, 664). To the extent Wood found Plaintiff more limited, the ALJ found such unsupported by the record. (ECF No. 9-9, PageID.670). This conclusion is supported by substantial evidence as the evidence above reveals.

In sum, the ALJ's assessment of the opinions in question is supported by substantial evidence. Accordingly, the argument is rejected.

### III. The ALJ's RFC Assessment

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The ALJ found that Plaintiff retained the ability to perform a limited range of light work. Plaintiff argues that this finding is not supported by substantial evidence. Plaintiff has failed to identify any specific shortcoming in the ALJ's RFC analysis, however. Instead, Plaintiff merely asserts that her RFC "cannot be accurate." Because Plaintiff has failed to develop this argument or articulate how such entitles her to relief, the Court finds that such has been waived. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

Moreover, even if the Court overlooks Plaintiff's failure to develop this argument the result is the same. Reading Plaintiff's brief indulgently, Plaintiff arguably asserts that the ALJ failed to adopt or incorporate into his RFC findings the opinions expressed by Dr. Tetzlaff and Mr. Wood. As discussed above, however, the ALJ's decision to discount these opinions is supported by substantial evidence. To the extent these providers assert that Plaintiff is more limited than the ALJ recognized such is not supported by the record. Furthermore, even if the Court

-15-

agreed with Plaintiff that she is instead limited to a range of sedentary work, the result is the same. The vocational expert testified that if Plaintiff were limited to sedentary work there still existed a significant number of jobs which Plaintiff could perform. (ECF No. 9-9, PageID.712-18). Accordingly, this argument is rejected.

## IV. Plaintiff's Obesity

Plaintiff argues that the ALJ failed to properly consider her obesity when assessing her RFC and failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002).

As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants").

The ALJ recognized that Plaintiff is obese and analyzed the entire record in assessing her RFC. The record evidence, however, does not support the argument that Plaintiff's obesity, either alone or in combination with her other impairments, limits her to an extent greater than that recognized by the ALJ. Plaintiff fails to identify any specific shortcoming in the ALJ's analysis, but instead merely insists that her RFC "cannot be accurate." In effect, Plaintiff urges the Court to reweigh

the evidence and override the ALJ's assessment. This the Court cannot do. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 10, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge