UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RACHEL ANN GREGG, )<br>    Plaintiff, )<br>) <br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>    Defendant. )<br>_____ ) | No. 1:22-cv-652<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on May 10, 2023 (ECF No. 16). The R&R recommends that the Court affirm the Commissioner of Social Security's decision that Plaintiff does not qualify for disability benefits. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed objections to the R&R (ECF No. 17), and the Commissioner filed a response (ECF No. 18). For the following reasons, the Court will adopt the R&R and affirm the Commissioner's decision that Plaintiff is not entitled to disability benefits.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In social security matters, the magistrate judge and district court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See*

*Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided that they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Substantial evidence is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). This standard affords to the administrative decision-maker considerable latitude, and it indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary conclusion. *See Bogle*, 998 F.2d at 347.

This Court conducted a review to determine whether the Commissioner's decision was supported by substantial evidence. On review of the evidence, the R&R is adopted over Plaintiff's objections. Plaintiff first objects on the grounds that the administrative law judge ("ALJ")—who heard the merits of her claim and whose opinion became the Commissioner's final decision in the matter—"violate[d]" the holding of *Earley v. Commissioner of Social*

2

*Security*, 893 F.3d 929 (6th Cir. 2018) (ECF No. 17 at PageID.1520). *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's residual functioning capacity ("RFC") assessment, and he errs only when he considers the previous RFC a mandatory starting point for the analysis (*see* ECF No. 16 at PageID.1511). To put this objection into context, Plaintiff submitted prior applications for benefits on October 9, 2014, and those applications were denied by ALJ Jeffry Gauthier on May 9, 2017 (*Id.* at PageID.1506). She submitted her current applications for benefits on August 15, 2018, and those applications were denied by ALJ Armon Rouf on December 27, 2019 (*Id.* at PageID.1504). Plaintiff now argues that ALJ Rouf improperly adopted the findings from ALJ Gauthier's decision because ALJ Rouf adopted ALJ Gauthier's RFC "with[,] at best[,] cosmetic and not substantive changes" (ECF No. 17 at PageID.1521). However, the R&R clearly explains why ALJ Rouf's decision, in which he did not consider ALJ Gauthier's RFC assessment a "mandatory" starting point, does not violate *Earley.* The Court agrees with the R&R's analysis as to why the language in ALJ Rouf's opinion shows that he did not use ALJ Gauthier's findings as a mandatory starting point (ECF No. 16 at PageID.1511-12), and therefore, Plaintiff's first objection is overruled.

Second, Plaintiff argues that ALJ Rouf's RFC assessment is "inaccurate" (ECF No. 17 at PageID.1521). ALJ Rouf issued an initial opinion in 2019—finding Plaintiff's RFC to be "sedentary"—which Plaintiff challenged in *Gregg v. Commissioner of Social Security*, No. 2:20-cv-189-MV (W.D. Mich.). Upon an unopposed motion to remand by the parties, the ALJ's decision was reversed and remanded by Judge Vermaat and vacated by the Appeals

3

Council. *See Gregg*, 2:20-cv-189-MV (ECF No. 21). Then, following the second administrative hearing, ALJ Rouf issued the 2022 opinion, which is at issue now, finding Plaintiff's RFC to be "light" (*see* ECF No. 9-9 at PageID.657-73). Plaintiff argues that "there was no explanation from a sedentary RFC (in the initial ALJ Decision in this case) to the light RFC" (ECF No. 17 at PageID.1521). The Court overrules this objection because ALJ Rouf's original 2019 opinion has been reversed, remanded, and vacated, and it is not at issue in this case. Moreover, the R&R concluded that ALJ Rouf's RFC assessment in the 2022 opinion is supported by substantial evidence (ECF No. 16 at PageID.1516), and the Court agrees with these findings. This objection is also overruled.

Third, Plaintiff objects because the ALJ gave little weight to the testimony of Daniel Tetzlaff, Ph.D. and Kyle Wood, M.S., L.L.P., who testified that Plaintiff's abilities were more limited than the ALJ concluded (ECF No. 17 at PageID.1522). Plaintiff essentially raised this exact argument in her brief (*see* ECF No. 13 at PageID.1469-71), and the R&R rejected it (ECF No. 16 at PageID.1512-17). Plaintiff's objection merely rehashes an argument she already made, and it is not a specific objection to the R&R within the meaning of Fed. R. Civ. P. 72(b)(2). In any event, the Court adopts the R&R's analysis regarding the testimony of Dr. Tetzlaff and Mr. Wood and finds that the ALJ's assessment of their testimony is supported by substantial evidence. Therefore, this objection is also overruled.

Fourth, Plaintiff thoroughly discusses the non-binding case of *Shelley C. v. Commissioner of Social Security*, 61 F.4th 341 (4th Cir. 2023), and she perfunctorily states that "the *Shelley C.* decision provides a checklist of how not to decide cases; [and] regrettably, this ALJ checked virtually all of the boxes" (ECF No. 17 at PageID.1525). Again, this is not

4

5

a specific objection to the R&R pursuant to Fed. R. Civ. P. 72(b)(2), and given the lack of argument, the Court finds that it is waived.

Finally, Plaintiff objects because the R&R "never discussed the case law cited by Plaintiff" (ECF No. 17 at PageID.1525). However, Plaintiff has provided no authority providing that the Magistrate Judge was required to discuss any of, let alone all of, Plaintiff's cited case law. Therefore, this objection is also overruled.

Given that there are no errors in the Magistrate Judge's analysis and the Commissioner's decision is supported by substantial evidence, the Court accepts the Magistrate Judge's recommendation to affirm the Commissioner's decision. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 16) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court affirms the Commissioner's decision that Plaintiff is not entitled to disability benefits.

**IT IS SO ORDERED.**

Date: June 13, 2023               /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge